Bullard, J.
This is an appeal from a judgment of the Court of Probates, refusing to appoint the appellant, Bernard, testamentary executor of the last will of Jacinthe Gourjon. The testator named as his executors, as to his property situated in New Orleans, Messrs. Sauvinet and Zenon Cavelier, and in case of death or absence, Mr. Oduire and Mr. Léon Bernard in their place, giving to each who should discharge the duties of executor, the sum of $1500.
Cavelier ’ and Sauvinet were first qualified as executors; but on the death of the latter, Auguste O’Duhigg, alleging himself to be the person designated in the will under the name of Oduire, presented his ..petition to the Court of Probates, praying tobe confirmed as such, making Léon Bernard a party. Bernard, thus brought in to show cause why O’Duhigg should not be appointed, executor, opposed the demand, denying that he is the person appointedby the will, and alleging that he is himself the person named *423 to succeed Sauvinet. He therefore prays, that the petitioner may be held to strict proof of his being the person called Odzdre, and that, in default of such proof, he, Bernard, may be acknowledged as duly entitled to the trust, and confirmed as such.
At this stage of the cause, the record shows that it came on to be tried, when “ after taking testimony, and hearing arguments of counsel, and on motion of counsel for O’Duhigg, his application for letters of testamentary executorship having been withdrawn, the case was submitted to the court, and the court took time to consider.”
It having been shown on the trial that Bernard had, since the opening of the will, been decreed a bankrupt under the late act of Congress, the court was of opinion, that the bankruptcy disqualified the applicant, according to a just interpretation and application of art. 2996 of the Civil Code, which relates to agents; of art. 1150, § 2, relating to the suspension of curators, for the same cause; and of art. 324, which authorizes the removal of tutors on the same ground ; and of the 1014th article of the Code of Practice, relating to executors. The application of Bernard was, therefore, dismissed. He took the present appeal, and O’Duhigg was made appellee.
An attempt has been made in this case, to bring to our notice proceedings in the Probate Court long subsequent to the rendition of the judgment complained of, with a view of showing that Bernard is not entitled to the executorship, and that, in fact, O’Duhigg has been since appointed and qualified. Instead of answering in this court, his counsel moves that he be made a party thereto in his new capacity of executor, in order to move the dismissal of the appeal, on the ground that none of the legal representatives of the estate of Gourjon, which is to be affected by the appeal, have been made parties thereto; and, in order that the court may not be ignorant of what has taken place since the appeal was allowed, he has filed all the proceedings had in the court below since that period — not a transcript, but the original documents. This is quite irregular, and cannot be countenanced by this court. This cause, like all others, must be tried upon ' the transcript, and that alone. No new evidence in any shape can be received. O’Duhigg was either an appellee, or he was *424 not. If he was not, we should not proceed until he is regularly cited; if he was, it was his duty to sustain the judgment of the court below, according to the evidence in the record. It was not necessary to make any other appellee. O’Duhigg called in the appellant to show cause why he should not be appointed executor. Bernard contests his right, and by a reconveniional demand asserts a better right. O’Duhigg, by withdrawing his application, could not defeat the right of Bernard. On the contrary, he left him before the court without opposition. If he chose to retreat from the contest, Bernard was not obliged to follow him. Nor did the court take that view of the matter. The application of Bernard was tried contradictorily with O’Duhigg, the counsel of the latter having given in evidence the decree in bankruptcy, which the Judge considered an insuperable obstacle to his appointment. The only parties who had any interest in this contest for the appointment were before the court, and are now before us. All those documents which accompany the motion to dismiss, cannot, consequently, be noticed by ns; and the argument addressed to us, based upon a state of things not shown by the original transcript, can have no influence upon our minds. The motion to dismiss is overruled; and we must consider O’Duhigg before us as appellee, and proceed to test the pretensions of the parties according to the evidence regularly before the court.
The only question which the case presents upon the merits is, whether the fact that an executor named in a testament has become a bankrupt since the death of the testator, and before his application to be recognized in that capacity, be a legal disqualification. We are of opinion the court erred in ruling that it is.
The first article relied on (2996) declares, that the procuration expires by the death, seclusion, interdiction, or failure, either of the agent or of the principal. But it is obvious that article has no application to the appointment in the first instance of a testamentary executor, nor is there any analogy between the two cases. Art. 1150 provides, that a curator maybe superseded, if, after his appointment, he has failed or obtained a respite; and a tutor may be removed for the same cause. In all those cases it is the failure which occurs after the appointment has been made, *425 which disqualifies. But it is clear, that the interests of the estate could not suffer, in consequence of the embarrassments of the person selected by the deceased to execute his last will, when, before he had anything to do with the administration of it, he had been relieved from all ‘ previous liabilities by virtue of the law establishing a uniform system of bankruptcy. The law contemplates a change in the condition of the executor, or tutor, after he shall have entered on the discharge of his duties, by becoming bankrupt, as good ground for removal; but it does not follow that he becomes legally disqualified for a future appointment by such a change in his condition previously to his appointment. See Ozanne v. Delile, 5 Mart. N. S. 24.
It is, therefore, ordered and decreed, that the judgment of the Court of Probates be reversed ; that the appellant be recognized as executor of the last will of Jacinthe Gourjon ; and that letters testamentary issue to him upon his taking the oath according to law; and that the appellee pay the costs of this appeal.